# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PROBST, | ) |
| | ) 2:17cv1014 |
| Plaintiff, | ) **Electronic Filing** |
| | ) |
| v. | ) |
| | ) |
| SCI GREENE MEDICAL DEPT and | ) |
| DOCTOR JYN, | ) |
| | ) |
| Defendants. | ) |

## OPINION

On July 31, 2017, pro se Plaintiff, David Probst, *pro se,* initiated this prisoner civil rights lawsuit against SCI-Greene Medical Dept and Doctor Jin, incorrectly identified as Doctor Jyn. In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges, all pretrial matters were referred to United States Magistrate Judge Cynthia Reed Eddy.

Defendant SCI-Greene Medical Dept filed a motion to dismiss arguing that all claims against it should be dismissed because the Eleventh Amendment bars Plaintiff's claims against it and that the Medical Department is not an entity capable of being sued nor is it a "person" within the meaning of 42 U.S.C. § 1983. (ECF No. 14). Defendant Jin filed a separate motion to dismiss alleging, inter alia, that Plaintiff failed to exhaust his administrative remedies with respect to any claim brought in this lawsuit as he is required to do pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), and, therefore, Plaintiff's claims again him should be dismissed. (ECF No. 16).

The Magistrate Judge notified the parties that because Defendant Jin had presented material outside the complaint, his motion to dismiss would be converted into a motion for summary judgment on the issue of exhaustion, and allowed the parties time to submit additional briefing and evidence. See *Paladino v. Newsome,* -- F.3d --, 2018 WL 1354265. at *6 (3rd Cir. Mar. 16, 2018) ("a district court must at least provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before it."); Small v. Camden Cnty, 728 F.3d 265 (3d Cir. 2013) ("judges may resolve factual disputes relevant to the exhaustion issue). Plaintiff filed a timely omnibus response brief to the motions (ECF No. 24), to which Defendant Jin filed a Reply and a Supplement to his Reply (ECF Nos. 26 and 28).

On February 23, 2018, Magistrate Judge Eddy issued a Report and Recommendation (ECF No. 29) recommending that the Motion to Dismiss filed by Defendant SCI-Greene Medical Dept be granted for failure to state a claim and that the Motion to Dismiss filed by Defendant Jin, which had been converted into a motion for summary judgment on the issue of exhaustion, be granted as Plaintiff had failed to exhaust his administrative remedies as required by the PLRA. The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over any state law negligence / medical malpractice claim and that leave to amend be denied as futile. Service of the Magistrate Judge's Report and Recommendation was made on the parties, who were informed that, in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, they had until March 9, 2018 (ECF users) and March 12, 2018 (non-ECF users) to file written objections. Plaintiff filed timely objections (ECF No. 30); Defendants did not file objections nor a response to Plaintiff's objections.

Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the Report and Recommendation to which objections were

2

made. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. The Court finds that Plaintiff's objections to the Report and Recommendation do not undermine the recommendation of the Magistrate Judge. Plaintiff's objections are addressed seriatim.

Plaintiff's first objection concerns the Magistrate Judge's recommendation that SCI-Greene be dismissed. This objection requires little discussion. Plaintiff argues:

> When a state as a member of Commonwealth state can not be sued, as an individual state can be sued as President Barack Obama sued the State of Arizona. DOC is an agency or arm of the State not the State itself but a corporation in the state, though state funded, SCI Greene is not an entity, should not enjoy the same entitlements of the Eleventh Amendment immunity as a Commonwealth enjoys.

Obj. at 2. This objection is without merit. As explained in the Report and Recommendation, it is well established that the Pennsylvania Department of Corrections ("DOC") is an agency or arm of the Commonwealth of Pennsylvania and, therefore, the DOC and/or its institutions, such as SCI-Greene, are entitled to the same Eleventh Amendment immunity which the Commonwealth enjoys.

Plaintiff's remaining objection concerns the Magistrate Judge's recommendation that Plaintiff's claims against Dr. Jin be dismissed as Plaintiff failed to exhaust his administrative remedies with respect to the claims raised against Dr. Jin in the complaint. Plaintiff does not dispute that he failed to exhaust his administrative remedies, rather he continues to attempt to place responsibility for his failure to exhaust at the hands of prison officials, specifically his Unit Manager and the Superintendent, whom he argues failed to respond to his requests inquiring how to exhaust his grievance. Plaintiff does not dispute that (i) when he came into the DOC system, he was provided a copy of the Inmate Handbook and was given instructions regarding it; (ii) he

3

received "new inmate orientation" on March 14, 2011, which included instruction on the grievance system; (iii) he could have made a request of appropriate staff for a copy of the Inmate Handbook; or (iv) copies of the Inmate Handbook are maintained in the prison's libraries. The summary judgment record reflects that the grievance process was available to Plaintiff at all times.

The Court agrees with the Magistrate Judge's recommendation and finds that Plaintiff has simply not shown that "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002); see also Banks v. Roberts, No. 1:06-cv-1232, 2007 WL 1574771, at *5 (M.D.Pa.) (holding that while the plaintiff alleged that the defendants "obstructed" his efforts to pursue administrative remedies by refusing to provide proper forms and instructing others not to provide the necessary forms, the grievance process was available to him, and therefore, plaintiff's claim was procedurally defaulted for failure to comply with the process), aff'd, 251 F. App'x 774 (3d Cir. 2007). While Plaintiff initially pursued administrative remedies, he abandoned his claims without completing the administrative review process. Such conduct plainly does not serve to excuse a failure to exhaust administrative remedies. Case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Id.

In light of Plaintiff's failure to properly exhaust his claims, all claims against Defendant Jin will be dismissed. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); Rivera v. Pa. Dep't of Corr., 288 F. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court.").

The Court also agrees with the recommendation that to the extent that Plaintiff is bringing separate negligence / medical malpractice claims against Dr. Jin, such claims should be dismissed without prejudice for want of jurisdiction. A District Court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367. However, the Court of Appeals for the Third Circuit has recognized, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)) (emphasis in original). Here, all of Plaintiff's federal claims—that is, all of the claims over which the district court had original jurisdiction—will have been dismissed. Considerations of judicial economy, convenience, and fairness do not provide an affirmative justification for maintaining Plaintiff's state law claims. Shaffer v. Bd. of Sch. Dir. of Albert Gallatin Area S.D., 730 F.2d 910, 912–13 (3d Cir. 1984) (noting that "time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction" and that "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"). As such, the Court will dismiss these state law claims without prejudice for want of jurisdiction. See Burnsworth v. PC Lab., 364 F. App'x 772, 776 (3d Cir. 2010) (affirming a district court's decision to decline supplemental jurisdiction over state law claims when the federal claims had been dismissed); Alexander v. New Jersey State Parole Bd., 160 F. App'x 249, 251 (3d Cir. 2005) (same).

After undertaking a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the Report and Recommendation should be adopted as the opinion of the Court. Accordingly, Defendant SCI-Greene Medical Dept's motion to dismiss will be granted and Defendant Jin's motion to dismiss, which has been converted into a motion for summary judgment will be granted; Plaintiff's separate state law negligence / medical malpractice claims against Dr. Jin will be dismissed without prejudice for want of jurisdiction; Plaintiff's objections will be overruled, and the Magistrate Judge's February 23, 2018, Report and Recommendation as augmented below will be adopted as the opinion of the court.

For the reasons set forth above, Defendant SCI-Greene Medical Dept's motion to dismiss will be granted and Defendant Jin's motion to dismiss, which has been converted into a motion for summary judgment on the issue of exhaustion, will be granted. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's objections will be overruled and the Magistrate Judge's February 23, 2018, Report and Recommendation as augmented above will be adopted as the opinion of the Court. An appropriate order will follow.

Date: 4/27/18

*DSCercone*
David Stewart Cercone
Senior United States District Judge

cc: David Probst
JU-7714
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(*Via First Class Mail*)

Mary Lynch Friedline, Esquire
Benjamin M. Lombard, Esquire
Samuel H. Foreman, Esquire
(*Via CM/ECF Electronic Mail*)